The Honorable, the Judges of the United States Court of Appeals for the 4th Circuit. Oyez! Oyez! Oyez! All persons having any manner or form of business before the Honorable of the United States Court of Appeals for the 4th Circuit are admonished to draw nigh and give their attention for the Court is now sitting. God save the United States and this Honorable Court. Please be seated. All right, we will hear initially White v. Warden and Ms. Medill. Thank you, Your Honor. Good morning. May it please the Court, Claire Medill on behalf of Petitioner-Appellant William White. This case presents two issues of first impression in the circuit. Did the BOP wrongfully deny Mr. White first-step time credit acts for the time he spent in transit or transfer designation status? And do federal inmates have a liberty interest protected by the Due Process Clause in earning first-step act credits? The Court should answer both questions in the affirmative. As an initial matter, the government has forfeited and waived a response to both questions. At the very least, this Court should reverse and remand for the District Court to apply the correct legal standard. It did not apply the proper legal standard for either question. For the statutory question, it applied the now-defunct Chevron standard. And as to the due process question, it did not apply the two-prong test that applies to determining regulatorily created celebrity interests. In any event, on the merits, the regulation invoked by the BOP to deny credits that Mr. White was in designation status outside the institution did not apply to Mr. White. He was never outside of a BOP institution. In any event, the regulation violates the text of the FSA. The FSA mandates that once a prisoner's sentence commences, he must have the ability to earn first-step time credit acts. This whole program is called earned time credits. And how does one earn time credits simply by being incarcerated? What have you done to earn the actual credits? Well, Your Honor, first of all, I want to push back on that this Court can consider that issue because the government did not raise it below. This is a brand-new argument. This is a civil case. You'd normally get it. Well, I know. But, you know, you can find more in the ground that's evident from the record. And I still have a question of what you did to earn it. Well, can I? This is an earning by some degree of effort. Yes, Your Honor. I'll answer the question. But two other points. I don't think this Court can affirm under the Chenery Doctrine you cannot affirm an agency action based on a reason not invoked by the agency. I'm interested in hearing the answer to the question. Yes. I know. But I just want to and I wanted to say that we don't have any evidence that he did not successfully participate or what was offered to him below. So we cannot. This is a motion for summary judgment. We're looking at Judge Chasimow's ruling. We're not reviewing this purely as an agency matter. We're looking at the District Court's ruling. Yeah, and the District Court didn't rule on this ground either. But I will answer the question. This is a weird case because the government is taking a position that is contrary to the policy and practice of their own client. Their own client's view is that if you are willing and able to participate in programming, you are successfully participating. He is earning credits because he is successfully participating in the overarching EBBR. I'm looking at the statute here and it talks about time credits. And it says completes evidence-based recidivism reduction. What evidence? So evidence-based indicates that some evidence is created and that the recidivism reduction was wanted. And we don't have an evidence-based determination here, do we? Well, Your Honor, I believe that evidence-based recidivism, the term evidence-based in that context is referring to the direction to the BOP to pick programming that evidence shows does reduce recidivism. I don't think it's not an additional requirement on top of it. We have EBBRs and PAs. And on this record, we have no evidence that Mr. White didn't successfully participate in PAs. Well, let me ask you more particularly. I wanted to follow up Judge Wilkinson's question initially when you were going off on the other direction. He was at the Federal Transfer Center, right?  And he did not. There's nothing in the record to indicate he participated in any program there, right? Well, that's because the government didn't raise this below, so he didn't know he had to present evidence. I'm talking about is there any evidence that he was participating in a transfer center? He pled in his petition that he was willing and able to participate, which was the successful participation requirement that BOP required. It would help if you would just answer my question. This was a transfer center, right? There's no evidence whether it was a transfer center. And he was being held there to be transferred. Right. And so there's no evidence and there's no logic for evidence that in a transfer center you're going to be offering programs. I disagree with that, Your Honor. In a case called Corrales, which we cited, the BOP represented that productive activities are available at all institutions. In Jackson v. Doerr, a C.D. California case, that prisoner, quote, continued to participate in FSA programming even though he was in transit status. It's your burden to produce some sort of evidence that he successfully participated. That's your burden. Well, Your Honor, the government has the burden of proving they're entitled to stubbornly judgment, right? And they did not raise this argument. So Mr. White pled what he needed to plead, that he was successfully participating. Whether they raised it or not, it would be decidedly to your advantage to produce at least the slightest evidence of effort on your part and of participation on your part because participation implies that you do something. I don't know how Mr. White, who was a pro se petitioner, was supposed to know that he needed to plead this when it wasn't BOP policy and was not raised by the government. It says here that a prisoner shall earn 10 days for every 30 days of successful participation. And we have no record of successful participation. And your position basically is that somebody should get earned credits simply by virtue of being incarcerated. And that has no relationship to the whole purpose of the program, which is to ensure that somebody, upon release from prison, is able to reintegrate themselves into society in a lawful manner. Your Honor, I disagree. My position is not that if you're sitting in prison, you earn credits. You have to be opted in. And if you refuse to do any programs that the BOP recommends or requires, you will be opted out. So if there was a situation where they offered programming in the Transfer Center, which we don't know, and I don't think I mentioned this, productive activities is very generously defined to include crafts, church services. So he could have easily done productive activities in Federal Transfer Center. But he's not just sitting in prison. If the BOP tells him to do something, he has to do it. What's the evidence of that? Of the productive? Yes. In the Transfer Center. I'm concerned more particularly about the particular circumstances of Mr. White. And he was in a Transfer Center. He wasn't being assigned to a particular institution at that point. He was waiting to be transferred to the institution to which he was assigned. So my question is, in a Transfer Center, in this Transfer Center, while he was there, number one, was there any one of these programs being offered? It would surprise me. But number two, is there any evidence he participated in any sense in any program or activity, positive activity? Your Honor, again, I would point to Corrales where the BOP itself represented that productive activities are available in all institutions. They did not say all institutions except for Federal Transfer Centers. And my understanding, just working with clients, is people in Transfer Centers do do work. They have jobs. That's a productive activity. There's churches. That's productive activity. Again, I don't know what to say because the government, Mr. White led what was required under the regulation. And now we're saying because the government has, you know, sandbagged us on appeal, he loses. That's kind of the position I'm hearing. In response to the government's motion, what did you put in in response? What motion? To dismiss or summary judgment. Oh, so the government's arguments were. When did you get in this case? I was appointed on appeal. You're in on appeal. He was pro se. Yeah, he was pro se. But he was in three Federal facilities. Right. Terre Haute. Then they moved him to Oklahoma City. That's what they referred to as the Transfer Center. Yes. And he was in Oklahoma City for several days. Correct. And then he went to Cumberland.  FCI Cumberland. Cumberland, Maryland. That was the goal, to get him to Cumberland. Had to take him from Indiana to Oklahoma City to Cumberland for whatever reason. Because that was the Transfer Center. I guess they do all of them that way. And he started this thing on his own. He didn't have a lawyer until you got him to it. Correct. On appeal. Right. And you argue four bases that you claim he could prevail on, right? For the statutory ground, yes. The statutory ground. Yeah, I'm focused on the statutory ground. Yes. You agree that if you can prevail on the statutory ground, we don't have to deal with the due process grounds. Right. And I also agree with the other way, too. The thing called ash wonder, right? Yes. Which of those four grounds is the best ground you got? Oh, I think that the transfer, that the regulation does not actually apply to Mr. White. Which is the fourth ground? Yes. That's the one I thought was the best. Thank you, Your Honor. I agree. The regulation doesn't apply to it. I was going to get to it before we jumped into successful participation. He wasn't. He was. The BOP says he doesn't get credit. The government doesn't really even argue that it applies. Yes, they conceded that it. I think they conceded that that argument is meritorious. So this court could reverse on the ground that the regulation didn't apply to him, send it back. And when they do, if you. . . And then we don't have to deal with any due process grounds or anything. And what we're talking about, what, one day? Yeah, I think it's one day of credits and four days of participation. One day of credit and four days of participation. Correct. Is what the case is about. Yes. And that's because. . . And it's the fourth ground. Why didn't you make that your first ground? Well, I thought that the government. . . I thought that the government would make certain arguments that they have not made. And it was. . . It seemed so simple that I thought perhaps I was missing something. But then the government didn't respond to it. So I agree. This court could. . . If this court reaches a successful participation argument, you are going to be affirming on the ground, not briefed below, not considered by the BOP. And I actually think the BOP will be unhappy because this is not the program they have now. You will be asking the BOP to completely change their administration system. They're going to have to start tracking actual successful participation down to the hour. They've complained that they don't want to do that. And so I think you could easily just reverse on the regulation didn't apply, send it back. The core point remains that. . . And the whole purpose of the program remains. . . And the statute directly stipulates that there should be some successful participation. That's what will be. . . Whether you are pro se or not, it would seem to be obvious that you would put forward evidence of something, of something that would amount to successful participation. And there was not. . . There was nothing. But if you are a pro se prisoner who receives this message from the inmate, which is on, from the BOP, which is on J898, the earning of FTCs is based on earning status and not participation and or completion of individual programs. If you are told that, which Mr. White was, why would you think you needed to plead more than saying, I satisfied the Bureau of Prison's definition of successful participation? And we have here. . . The government's arguing you should give Chevron deference to their transit exclusion. Well, if that's true, give Chevron deference to their definition of successful participation. Everyone agrees that it's not defined in the statute. Why don't we just look at the statute, what Congress enacted? Well, the other thing is the Court is ignoring that we have to consider the statute as a whole. And over and over and over again, Congress has made it clear it wants inmates to be able to successfully participate at all times. But it talks about participation and earning. It uses those terms with the idea that these programs will benefit. And if somebody just sits there and does nothing, has earned nothing, has participated in nothing, it seems to me that frustrates exactly what Congress. . . Well, Congress also wanted to reduce the prison population. We're just ignoring that purpose altogether. But what do we do with the language that's saying the BOP shall provide. . . Well, if they wanted to reduce it without participation, without attorney credits, they could have done that. But under this particular program that you're invoking for the few days we're talking about, Congress specified pretty particularly. I mean, you can argue about what successful means, but we're not even at that threshold successful. We're talking about the fact it's nonparticipation. There was zero evidence of participation while at the transfer center. There's also zero evidence of nonparticipation. But I just . . . the implication of these arguments is that the BOP could just say, you know what, we're no longer offering programming at Cumberland, at all. We're not going to do it. And therefore, no one can earn first-step credit. This particular program, when you look at the statute here, it says a prison determined by the Bureau of Prisons. And it's exactly the kind of program where Congress has committed the whole question of earning time credits, largely to Bureau of Prisons administration. And we're not in a situation here to overturn the Bureau or what the Bureau of Prisons is asking and what the district court found in terms of successful participation. It's up to the Bureau of Prisons to define successful participation. And it's your burden to prove that something was done, not that one just sat. Because the whole purpose of this is to prepare an individual for reintegration into society, and you do not prepare anybody for anything if there's no participation and nothing earned. That's the core of it all. We can try to work around, but that's the core of it. Do you mind if I answer? I know my time's up. I can also sit down. Well, you have time assigned for rebuttal, but you can go ahead and answer, but I'll take your time off. Okay. Your Honor, I strongly disagree that the FSA is delegating discretion to the BOP. If you read it, it is so detailed. It has so many mandatory languages. It's showing that they are taking discretion away from the BOP, unlike the past. Putting that aside, you cannot defer to the BOP if it is contrary to the statute, and we have made an argument that this transit exclusion is contrary. I could not agree with you more, and that is why the statute has words such as earned and successful participation, of which there is none. We have no briefing, Your Honor, on what successful or participation means. None. The government didn't do it, and we didn't do it. Do we have any participation? Why do we need to talk about successful if there's no evidence of participation at all? I can only repeat below, which is the pro se prisoner pled what the BOP requires, and now on appeal he's being sandbagged. If the government had raised this below, he could have responded and said here's my evidence of participation. They have the burden of proving summary judgment is satisfied. Can I just ask? He is pro se, but he is invoking some good time credits or some time credits that are provided by statute that are earned based on participation. Yes. Now, the fact that some prison official says you don't have to participate in anything doesn't relieve him of the duty to satisfy the statute. Not some prison official. The BOP as a whole. The BOP. Now you're looking at some form of estoppel or something, but you're talking about whether he gets good time credits under the statute. So what is the point of the Just a minute. Yes, sorry. And you talk about successful completion and this type of thing. I'm talking about evidence of any participation. In other words, there has to be some active conduct on his part, and there's no evidence of that. Now, you say he's pro se. Well, that's true, but do we excuse the fact that he doesn't have to satisfy the statute because he's pro se? I do when the government doesn't raise it. But he did plead active participation. He said, I am choosing to participate in the BOP program as they have said it. And we haven't talked about this at all. Congress said over and over and over again the BOP shall provide programming at all times to all prisoners. So the point of this argument is it's not Mr. White's fault that if there was no programming. I listened carefully to your argument, and the one thing that occurs to me that I have not heard in your argument is normally if someone wants a remand, you would say, well, on remand we can do this, this, and that. We can do A, B, and C. And it would not be that hard to say, well, if this were remanded, we could present A, B, and C in terms of successful participation. And we can tell you about this. Give us a chance to develop the evidence of successful participation. And you can give us some reason to believe that there was some effort or some participation of any, as Judge Niemeyer points out, of any kind. But through the entirety of your argument, there has been no suggestion that on remand evidence of successful participation will be brought forward. Well, Your Honor, I am asking for a remand to develop the record. I'm not making any, I'm not trying to go outside the record and say, I mean, we could, we will present evidence, as I pointed out. But you haven't given us one sliver of how the record would be developed. You say we just want to develop the record. Well, what about the part in the Joint Appendix that defines productive activities as crafts? I've given you a good bit of, and you still reserve some time for rebuttal, so we'll look forward to hearing from you then. Thanks, Your Honor. Thank you. Ms. Thomas, we're happy to hear from you. Good morning, Your Honors, and may it please the Court. My name is Beatrice Thomas, and I represent Respondent Khalid, the warden of FCI Cumberland in this matter. The warden asks that you affirm the district court's holding in its entirety. In writing the First Step Act, Congress created an incentive-based program where, if an inmate successfully participates in evidence-based recidivism reduction programming or productive activities, BOP shall award them credit. But Appellant White seeks to rewrite that framework, wanting you to take into consideration the only, only the word shall without considering the condition precedent, which is successful participation. How about any participation? Is there evidence of any participation? We're talking about the time spent at the transfer center, right? Yes, Your Honor. And that's what has denied him these four days or whatever we're talking about here. That is correct, Your Honor. And is there any evidence that he participated in anything? No, Your Honor, and that's the one thing I want to point out. There is no evidence whatsoever. Why is there any evidence of anything? There is no evidence. There was no evidence taken. There was no discovery. There was no evidence taken. It was an ex parte proceeding until it got on appeal, wasn't it? Well, Your Honor, what's most important is, first, his petition only asked or only requested, he said that he was entitled to due process when he did not receive credit for four program days because he was in the transfer status. He was in a transfer center. At no point whatsoever, either in his petition or even presented to the lower court, did he say, I was successfully participating and I was not given credit for that successful participation. The reason why BOP or the reason why the argument was never made below. They were doing whatever the BOP had him do. He was in their custody. They had him at Terre Haute and they moved him to Oklahoma City. He stayed in Oklahoma City until he was moved to Cumberland. That is correct, Your Honor. And you all were in charge of him. Yes, Your Honor. We are in charge of the inmate and, of course, we have to administer his witnesses. And you were in charge of him every minute he was in Oklahoma City. That is correct. We were. And at no point while he was in Oklahoma City did he request to participate in programming. There is no evidence in the record, nor does he present any evidence. He did everything in Oklahoma City he was supposed to do. There's nothing to indicate otherwise. Well, while he was in Oklahoma City, what happens with respect to the evidence-based recidivism reduction programming pursuant to the statute is that they are assigned programming. Then they are to sign up for that program and they can complete that programming. Why did no way at any point in time in the lower court or even in his petition in any response ever indicate that he asked for programming, that he had been assigned programming, or that he attempted to participate in that programming and BOP did not permit him to participate in that programming? What White alleges in his petition is that he was in transfer status for four days, which is well within BOP's discretion. And while he was in transfer status during those four days, he was entitled to earned time credits. BOP did not give him those credits because he was not successfully participating in any evidence-based recidivism reduction programming at that time. But if there had been any, if he even requested it and said I would like to participate or I'm willing to participate, but we had nothing. We have no evidence of participation. We have no evidence of a request for participation. There's just nothing. Normally, this was at the administrative stage. This went through the district court. Nothing was ever brought before the district court that indicated participation. Nothing has been said before this court that indicated on remand what evidence of participation would be brought forward. At every stop along the way, there was no evidence of participation or request for participation when it would have been in the obvious interest of the appellant here to do so. How do you get around that regulation? Well, Your Honor, what we would say is that the regulation is meant to establish what successful participation is. And it states that an inmate will generally not be considered to be successfully participating in situations including but not limited to designation status outside the institution. For example, extended medical placement in a hospital, outside the institution, an escorted trip, a furlough, et cetera. How do you get around that? Well, Your Honor, I would like to say or what the warden's position would be is that that list is not exhaustive. Obviously, that list is not... Well, they've got et cetera, whatever that means. In the regulation, it says et cetera. Well, Your Honor, and that's exactly what the regulation says. And that's because that regulation doesn't list out every aspect of BOP's administrative management of an inmate's sentence or while the inmate's in the care, custody, and control of BOP. There may be other instances, as you noted, et cetera, where BOP is administering one sentence, doing something that is well within their discretion, like transferring a prisoner, and that person would not be in a situation where they would be earning. They would not be assessed for earning. They would not be participating. They would not be assigned to participate in any evidence-based programming. And when we look at the purpose of the First Step Act, it is to reduce recidivism. Appellant's counsel was correct. It was to reduce recidivism. It is to make sure that prisoners, or it is to get prisoners out, to reduce the prison population. But one point she's missing is that it's to ensure that they don't come back. That's the whole point of ensuring that they participate in evidence-based recidivism programming. Those incentives were given. If you participate, then you will gain credit. And a good example for this is a train. You get on the train. The train goes forward if you are participating. If you're not participating, you're not moving forward. And this Court asked the parties to. Did he even request it? Did he even want to? And you don't. I mean, if you're given something to work with, that would be one thing. But if somebody not only didn't participate, but didn't ask to participate, there's no evidence of a desire to participate, to award earned time credits under those circumstances would turn this entire program in the first-step action, the first-step action in what it sought to achieve in the absence of recidivism, and we'd be turning it on its head. Exactly, Judge Wilkinson. Exactly. And that's why the warden's position is that inmates do not retain a liberty interest in earning earned time credits. It requires a satisfaction of too many prerequisites, specifically their actual participation. And, again, there are a number of other. That's in the statute. That's correct, Your Honor. And the statute trumps the reg. Whatever it is, but that's statutory. We can't ignore it. That is correct, Your Honor. That's exactly the warden's position here, and that's exactly what the district court held. Now, you'd agree that this was an escorted trip. Yes, Your Honor. The BOP took him from. . . No question. This was an escorted trip from Terre Haute to Cumberland. I'm sorry. By the way, it was an escorted trip. And the regulation talks about escorted trips. Yes, Your Honor, exactly. And so, again, we have the statute. And, again, there is authority that the Congress, in not defining successful participation, gave BOP in telling them to create these programs to ensure that inmates have access to them, gave them the discretion to define what successful participation is. And, obviously, BOP has defined that there are instances where someone. . . What has Loper Bright got to do with it? Well, Your Honor, under the. . . Under. . . Under. . . First of all, under stare decisis, the Court doesn't need to readdress. This case was decided two years before Loper Bright even came out. The Court properly considered and gave deference to the agency's decision. But even if this Court wants to consider the district court's decision in light of Loper Bright, the courts can still defer to the agency's interpretation to the extent that the statute allows the agency to fill in details of the statutory scheme. That's exactly what we have here. Congress intentionally does not define what successful participation is. BOP does. BOP explains what successful participation is, when you're successfully participating, and when you're not. And, again, as Judge Niemeyer and Judge Wilkinson points out, we don't have any evidence whatsoever at all that White was successfully participating. He doesn't say that he was successfully participating. He doesn't say that he attempted to successfully participate. He simply says, I was in transfer status, I am due these earned time credits, having not done anything with respect to earning them. But we haven't been given anything, any hint, any tiny little hint, as to what would be developed in terms of participation on remand. And that's not that hard to provide. I would agree with you, Your Honor, and I think that the reason that we haven't been given any tiny hint is because there is no hint. There is nothing for them to provide. White, Appellant White can't provide anything to this Court, even on remand, because his petition doesn't say anything, and that's because he wasn't participating. He has no evidence to offer. He had no evidence to offer to the District Court, and he has no evidence to offer to this Court that he was successfully participating, had asked to successfully participate, or had done anything to meet what Congress laid out as required in order to earn these time credits. You have to give an appellate court something to work with, and we have been given nothing. I agree. I agree, Your Honor. And so, again, if the Honor has no more questions, Your Honor, we would just ask that this Court specifically affirm the District Court's holding that there is no due process interest in earned time credits and uphold the District Court's application of the program statement that he was not entitled to credits at this time while he was in transfer status. Thank you. We thank you, and we will have Ms. Medill, you have some rebuttal time. Thank you. First things first, I want to make clear we are asking for remand. Because this wasn't raised below, I don't want to represent things outside of the record to this Court. However, in the JA, it does define productive activities very broadly to include crafts, recreation, visitors. And so on remand, if Mr. White participated in any of those, we would satisfy the PA. His petition seems to assume he did nothing because the Bureau of Prisons assigned him to a special housing unit while at the transfer unit because he was a domestic terrorist. And he said it was a bed, a single bed in the housing unit apart from the facility, which suggests, I mean, he sort of implies that he was denied the opportunity to request anything in that context. But the fact of the matter is that still doesn't get him the credits. He didn't request them. We don't know that. He didn't say. He didn't say. He implied that he was assigned to that, and as a consequence of that, he was separate. And I think when he got to Cumberland, they did restore some days, didn't they? Because they changed their policy about the shoe. I didn't ask because. I said because. Oh, yes. They did. They restored some. Yes. And I would also say, if this successful participation argument that he should have fled this was so obvious, you would think Judge Chazanel would have addressed it? Well, but it's even suggested. I mean, it's not even common sense. This is a transfer unit. During the transfer, he was isolated from the prison population because he was a domestic terrorist. He was put in a special housing unit for four days and then transferred to Cumberland. This does not sound like he participated in anything, even though he didn't allege it. I would have expected that if it was so obvious, that would have been the basis of Judge Chazanel's decision, and it was not. But I also wanted to say, I just wanted to clarify one thing. BOP's definition of successful participation as being willing and able to was promulgated in a regulation followed by notice and comment, the same one that the government wants you to defer to. They had a much more stingy interpretation of successful participation. There was over 150 objections, including from people who drafted the First Step Act and said, this interpretation of successful participation is too narrow. We want prisoners to be able to do it all the time. And then that's when they accepted the willing and able. And finally, I just want to say, we have to pay attention to statutory language, including the language over and over that says the BOP has a statutory duty to provide programming at all times. They shall do it. It's in there at least four times. So if this Court affirms on the successful participation, they are saying, through no fault of the prisoner's own, because the BOP is violating its own statutory duty, Mr. White does not earn First Step credits, which is contrary to the intent of Congress in passing this. We ask this Court to reverse and remand for consideration of the correct legal standards, not the legal standards that were applied below. Thank you. Thank you. Ms. Medillo, I see that you're court-assigned. I want to express the Court's appreciation for the argument you've given.
judges: J. Harvie Wilkinson III, Paul V. Niemeyer, Robert B. King